# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 03-cv-01573-MSK-CBS

ANTHONY DEAN CONLEY

    Plaintiff,

v.

THOMAS LEE QUINTANA,
MIKE MARONI,
LEE RITTENMEYER,

    Defendants.

---

## PROTECTIVE ORDER

---

This matter coming before the Court on the Stipulated Motion for Protective Order filed by the parties above and non-party Federal Bureau of Prisons (BOP), wherein they request a Protective Order, and the Court having considered the motion and the agreement of the parties, IT IS HEREBY ORDERED AS FOLLOWS:

The BOP will collect the following documents, records and materials (hereinafter collectively referred to as "records") as set forth in the Plaintiff's Subpoena Duces Tecum, and will produce those records to the United States Attorney's Office that fall into the following categories: (i) copies of the personnel files for Defendants Quintana, Maroni, and Rittenmeyer after appropriate redaction; (ii) copies of three administrative

1

remedies which allege abuse or misconduct by correctional officers or other inmates filed by inmate Byron Red Kettle and his administrative remedies history; (iii) copies of documents contained in Byron Red Kettle's central file dated between June 30, 2002, and January 31, 2004, which concerns his housing assignments, transfers or changes in housing assignments, identities of cell-mates housed with Byron Red Kettle, reports or complaints filed, disciplinary actions, classification, property records, and seizure of contraband; (iv) administrative remedies history for inmates Wallace Mitchell (51443-060) and Raymond Cheadle, Jr. (16152-016); (v) sentry records identifying the housing assignments and institutions of confinement for Jermaine Saunders (06672-041) and Muhaymin Muhammed (00471-000) for the year 2003; (vi) copies of the staff rosters maintained in connection with criminal case No. 00-CR-00481..

The production of these records either poses a threat to the safety of the individual defendants or in reference to disclosure of information concerning inmates who are not parties to this suit, implicates the Privacy Act. Therefore the BOP requests entry of a protective order, implementing the mechanisms stated below, prior to the release to plaintiff's counsel of any of the records. Good cause having been shown, the Court hereby orders the following protective measures be taken:

1. The BOP will provide Plaintiff's counsel with a copy of the Defendants' personnel files copied on blue paper. Plaintiff's counsel shall keep the records and any notes or other materials prepared, based upon or referring

      to information in the personnel files in strict confidence. Plaintiff's counsel shall use them exclusively in connection with this case (including trial preparation, appeals, or other related legal proceedings, submitted under seal) and for no other purpose.

2. The records may be viewed only by Plaintiff's counsel and such members of his staff as are necessary for the purposes outlined above, and as it pertains to staff, only while necessary staff are operating under the direct supervision and control of plaintiff's counsel. Plaintiff's counsel shall ensure that all persons in his office, who are to handle such information, read this Order and are informed of their responsibility to safeguard this information.

3. Plaintiff's counsel shall make only such copies of the personnel files as are necessary to pursue this case. Plaintiff's counsel shall keep a written record concerning how many copies were made, to whom, to whom those copies were delivered, and the dates of delivery. All copies shall be made on the same color paper as provided by the government. Plaintiff's counsel shall also deliver a copy of this order with the materials. No person other than Plaintiff's counsel shall make any copy of these materials for any purpose whatsoever.

4. The Plaintiff shall not under any circumstance be permitted to view any of the personnel files.

5. In the event that Plaintiff's counsel relationship is terminated for any reason, all documents disclosed under this Order shall be returned to the BOP immediately, with no copies being made or kept in the possession of Plaintiff's counsel.

6. A copy of this Order shall be kept with the personnel files at all times.

7. To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by plaintiff, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the Plaintiff's need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate measures are taken.

8. At the conclusion of the case in this court, by entry of the court's judgment or dismissal, counsel shall within ten days collect all such copies of the personnel files and return them to the U.S. Attorney's Office.

DATED: July 5th 2005.

                                                   BY THE COURT:

                                                   s/Craig B. Shaffer
                                                   CRAIG B. SHAFFER
                                                   UNITED STATES MAGISTRATE JUDGE