IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01573-MSK-CBS

ANTHONY DEAN CONLEY,

      Plaintiff,

v.

THOMAS LEE QUINTA,
MIKE MARONI, and
LARRY RITTENMEYER,

      Defendants.

_____

## TRIAL PREPARATION ORDER - JURY TRIAL (CIVIL)

_____

      The above-captioned matter has been scheduled for a four (4) day jury trial on the docket

of the Honorable Marcia S. Krieger in the United States District Court for the District of

Colorado, Courtroom A901, 9th Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver,

Colorado, to commence at **1:00 p.m.** on **April 17, 2006.**  This setting is a first position setting.

      In order to expeditiously and efficiently prepare this matter for trial, this Order will set a

Final Trial Preparation Conference ("conference") and specify the parties' obligations prior to

the conference (*See*, Exhibit A attached).  The purpose of the conference is to ensure that the

parties are **<u>fully</u> <u>prepared</u>** to proceed to trial and to address any procedural or substantive

1

concerns that threaten the efficiency or fairness of the trial.  For a case to be fully ready for trial, the parties must finally determine the claims and defenses they intend to present, the elements of those claims or defenses, the particular witness testimony and exhibits necessary to prove those elements and the time it will take to present the required evidence.  This preparation **narrows** the issues to be resolved.  The Court expects that all parties will have completed this preparation for trial in advance of the conference and that they will work collaboratively in satisfying the particulars of this Order.  Failure to fully prepare or to satisfy the requirements of this Order may result in vacation of the trial or sanctions.

In furtherance of these objectives,

**IT IS ORDERED**:

A Final Trial Preparation Conference is set for **March 21, 2006** at **8:00 a.m.**  The parties are expected to be fully prepared for trial at that time.  **Lead counsel who will try the case and the party (or a representative of a non-individual party who has settlement authority) shall attend**.

**A**.    **Applicable Rules**.  This proceeding is subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the District of Colorado and the Practice Standards - Civil (Revised March 1, 2004) for this courtroom, a copy of which is available from the Clerk's office, or which can be downloaded from the Court's website at www.co.uscourts.gov.   Parties who are not represented

2

by counsel (*pro se*) shall be held responsible for knowledge of and compliance with all applicable rules and provisions of this Order.  References in this Order to "counsel" shall also apply to parties appearing *pro se*.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37**.

**B.**     **Modification of Order**. This Order **may not be modified by agreement of the parties**.  Upon timely, written application, however, either or both parties may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.  Continuances are not routinely granted.

**C.**     **Conflicts in Trial Scheduling.**  Any problems in the trial setting or special needs for witness scheduling shall be addressed at the conference. Except as agreed by counsel, designated witnesses shall be available during the entire trial period and their unavailability will not constitute a basis for continuance of the trial.  At the time fixed for trial, all parties shall be present and ready to proceed.  If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party.  If both parties are absent or unprepared, the case may be dismissed, and costs, fees or sanctions may be imposed against either or both parties

and/or their counsel.

**D.     Motions.**  To the extent appropriate, outstanding motions will be determined at the conference.

**E.     Submissions Required Prior to the Conference.**  All submissions shall be made jointly by the parties.  This means one document in each category.  This will require that before the conference, counsel for all parties meet and confer with regard to the items to be submitted approximately **45 days** before the conference.  Submissions shall be made no later than **twenty days** prior to the conference by either: (a) a computer disk delivered to chambers; or (b) via e-mail to chambers at krieger_chambers@cod.uscourts.gov.  **Filing of these documents with the Clerk's office does not satisfy this requirement.**  Submitted documents must be in WordPerfect or Microsoft Word format,[1] and the disk label or e-mail subject line shall contain the full case name (an abbreviated form is permitted for longer case names) and docket number.  The disk label or body of the e-mail shall also contain the name, address, telephone number, and e-mail address and/or fax number of counsel submitting the documents.

**(i) Exhibit list.**

The parties shall submit **a single, joint list of exhibits**, utilizing the form exhibit list

---

[1]  Counsel should be aware that certain internet service providers (particularly, America Online) and some e-mail programs automatically compress or otherwise manipulate attachments to e-mail messages.  The Court cannot accept compressed attachments.  Counsel should contact their internet provider or technical support for their e-mail program to ensure that attachments are not compressed, or be prepared to make submissions on disk.

posted at www.co.uscourts.gov.  Exhibits as to which the parties have stipulated admissibility shall be listed first, with the "stipulated" box checked.  The remaining exhibits shall be listed numerically, with a designation of the witness through which the exhibit will be offered and any objection to be raised in the "comments" box.  If authenticity or relevance of a proposed exhibit is conceded, the "comments" box should so reflect.  **The list shall not contain duplicates.**

      **(ii) Witness list.**

The parties shall submit **a single, joint list of witnesses**, utilizing the form witness list posted at www.co.uscourts.gov.  Time estimates should reflect the total time necessary to complete the direct- and cross-examination of each witness.  Where both sides intend to call a particular witness, the estimates for that witness should indicate how much time for direct-and cross-examination is needed by each party (e.g. "Direct examination by Plaintiff: 1 hour, direct examination by Defendant: 2 hours; Cross-examination by Plaintiff: 45 minutes, cross-examination by Defendant: 45 minutes").

Counsel are advised that, absent extraordinary circumstances evident at trial, the examination of each witness will be limited to the time estimated on the witness list and that time unused with one witness may not be added to another.  If the total time designated for all witnesses substantially exceeds the total time allotted for the trial, the trial may be vacated or the time allocated to each witness proportionately reduced.  Counsel should be aware that each full day of trial offers approximately 6 to 6 ½ hours of trial time; that voir dire may begin as late as

1:30 p.m. on the first scheduled day of trial; that the Court intends to begin charging the jury no later than approximately 2:00 p.m. on the last day of trial; and that approximately 5 hours of trial time is customarily needed for jury selection, jury instructions, and opening (15 minutes each side) and closing statements (30 minutes each side). These constraints should be kept in mind in estimating the time needed for examination of witnesses.

### (iii) Proposed *voir dire*.

The Court will conduct the *voir dire*. The Court has a series of general questions it will use. The parties may submit a **single, joint list of proposed *voir dire* questions** focusing on questions pertinent to the specific issues in the case. The Court will review the list and select (and possibly modify the wording of) those questions it deems appropriate to be included in the *voir dire*. Prior to the conclusion of *voir dire*, counsel will be invited to the bench to offer further substantive or follow-up questions.

### (iv) Proposed jury instructions.

The parties shall submit **a single, joint set of proposed, substantive jury instructions**. The Court has a set of stock instructions it will use. Therefore only substantive, case-specific instructions should be submitted.

Each instruction should be titled "Instruction No. ___" and be placed on a separate page. The source of each instruction shall be identified in a footnote. If the parties cannot stipulate to an instruction in its entirety, notation of objections shall reflect the plaintiff(s)' preferred

6

language in bolded text and defendant(s)' preferred language in italic text in the body of the proposed instruction, and citations to authority supporting the objections in a footnote.  An objection to the totality of the instruction shall be stated in a footnote with supporting authority.

The proposed instructions shall include a joint "Statement of the Case" which **briefly** sets forth a cursory description of the facts and the general claims or defenses of each party.  This statement should not exceed one page.

The Court intends to provide the jury with instructions that are, in order of importance, accurate, neutral and concise.  In discussing proposed language and objections, counsel should endeavor to ensure that these three criteria are being advanced.  Objections premised upon language designed to subtly favor a party will not be well received.

### (v) Verdict forms.

Counsel shall submit **a single, joint verdict form or set of forms**.  Verdict forms shall bear the case caption and be entitled "Jury Verdict".  Special verdict forms shall be submitted unless counsel agree to a general verdict form.  If counsel cannot agree on the wording of a particular interrogatory, objections to the proposed wording shall be noted in the same manner as jury instructions.

### (vi) Glossary.

The parties shall file **a single glossary** which should include any unusual or technical terminology and proper names of persons, other than parties, who will be mentioned during the

trial.  Capitalize only proper names.

      **(vii) Deposition designations**.

The parties shall file **single, joint designations of deposition testimony** to be offered

in lieu of live testimony for each deponent.  Testimony to be offered shall be designated by line

and page.

     **F.**       **Motions *in limine*.**  Motions *in limine* shall be served and filed (or renewed) at

least **45 days** prior to the conference.  Responses shall be filed within **10 days** of service of the

motion and replies shall be filed within **5 days** of service of the opposition papers.  To the extent

appropriate, all timely filed and fully briefed motions *in limine* will be determined at the

conference.

As with all other motions, motions *in limine* which do not include a statement of

compliance with D.C.COLO.LCivR 7.1(A) will be denied without consideration of the merits.

If a motion *in limine* was earlier filed and denied as premature, parties shall renew the

motion by filing a "Motion to Reconsider" which specifies which motion, and part of a prior

motion, the party requests the Court to reconsider.  Responses and replies shall be filed

according to the above schedule.

     **G.**       **Video and Special Equipment.** The Court encourages parties to use the ELMO

equipment for exhibit display.  If you are unfamiliar with such equipment, please make

arrangements with the courtroom deputy clerk **no later than two weeks** before trial for training.

**H.     Trial Briefs**.  If the parties desire, dispositive motion briefs will be treated as trial briefs.  Otherwise, if the parties wish to file trial briefs, such briefs shall be filed no later than **20 days** before the conference, and shall be limited to a listing of applicable, binding case or statutory authority followed by a phrase or single sentence summary of its applicability to the matter.

**I.     Settlement.**  At least **30 days** prior to the conference, counsel should contact the Magistrate Judge assigned to the case to schedule a settlement conference to occur between the time of the conference and the start of the trial.  Such a conference is not required if counsel agree in good faith that settlement is impossible.  However, in such event, counsel shall advise the Court of this fact at the conference.

Several civil trials are frequently set for the same date in anticipation of settlement.  If this matter has not settled before the conference, please make every effort to resolve it within **two weeks** following the conference.  This will allow a junior position matter to utilize the scheduled trial date.  If this matter is settled, counsel shall **immediately** advise **Terry Lynn** by telephone at **(303) 335-2289,** and file a motion to vacate along with documents resolving the matter.  In accordance with D.C. COLO.LCivR 54.2, to avoid assessment of jury costs, parties must file settlement documents and deliver a courtesy copy to chambers **before twelve noon** on the last business day before the scheduled trial date.

Dated this 9th day of August, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge